IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADAM CHASE BRADFORD, PALOMA BRADFORD, JANE DOE, ALICE DOE, ROSA SUMMER,<br><br>**Plaintiffs,**<br><br>v.<br><br>CITY OF TATUM, TEXAS, PARKER SWEENEY, KENNETH JONES, DARIN ANTHONY, DUSTIN ANTHONY, DON HALL, CLAY LASSEN, TATE SMITH, KIM R SMITH, DANA BUDDECKE, WENDELL MOORE, JACK YORK, JEFF KELLER, RONNIE MARTIN, OMAR ZUNIGA, APRIL RAINS,<br><br>**Defendants.** | § § § § § § § § § § § § §<br><br>CIVIL ACTION NO. 6:22-CV-00406-JDK |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court are two motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) brought by Defendants City of Tatum, Texas, Dana Buddecke, Don Hall, Jeff Keller, Clay Lassen, Wendell Moore, April Rains, Kim R. Smith, Tate Smith, and Jack York (Doc. No. 21), and Defendants Darin Anthony and Dustin Anthony (Doc. No. 24). Two Defendants, Parker Sweeny and Kenneth Jones ("Officers Sweeny and Jones"), filed answers to Plaintiffs' first amended complaint. (Doc. Nos. 22; 23.) Thus, the claims against Officers Sweeny and Jones are not considered herein. The parties also stipulated to dismissal of Defendants Don Hall, Clay Lassen, Kim R. Smith, Tate Smith, Dana Buddecke, Wendell Moore, Jeff Keller, Jack York, and Omar Zuniga. (Doc. Nos. 32; 37; 39.) Accordingly, this Report

addresses the claims against Defendants City of Tatum, Texas, April Rains ("Chief Rains"), Darin and Dustin Anthony ("Anthony Brothers"), and Ronnie Martin (collectively, "Moving Defendants") only.[1]

Plaintiffs Adam Chase Bradford, Paloma Bradford, Jane Doe, Alice Doe, and Rosa Summer filed an untimely response to the motions (Doc. No. 40) and requested leave to file a second amended complaint, attaching the amended complaint to their request (Doc. Nos. 34; 35). For the reasons stated below, the court **RECOMMENDS** that Moving Defendants' motions to dismiss (Doc. Nos. 21; 24), be **GRANTED** and the claims against them dismissed with prejudice. The court also **RECOMMENDS** that Plaintiffs be **DENIED** leave to file their second amended complaint. (Doc. Nos. 34; 35.)

## BACKGROUND

Plaintiffs Adam Chase Bradford and Paloma Bradford ("the Bradfords"), their daughters, Jane Doe and Alice Doe, and Mrs. Bradford's mother, Rosa Summer, initiated this action against Defendants City of Tatum, Texas, Dana Buddecke, Don Hall, Jeff Keller, Clay Lassen, Wendell Moore, April Rains, Kim R. Smith, Tate Smith, Jack York, Omar Zuniga, Darin Anthony, Dustin Anthony, Parker Sweeny, and Kenneth Jones ("Defendants") on August 19, 2022 in the 4th Judicial District Court of Rusk County, Texas, alleging violations of their civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1-2.) On October 19, 2022, Defendants removed the action to the Eastern District of Texas. (Doc. No. 1.) That same day, Defendants City of Tatum, Texas, Dana Buddecke, Don Hall, Jeff Keller, Clay Lassen, Wendell Moore, Chief Rains, Kim R. Smith, Tate Smith, Officer Sweeny, Jack York, and Omar Zuniga filed a motion to dismiss pursuant to Rule

---

[1] Although Defendant Ronnie Martin did not file an answer or join the motions to dismiss, because the claims against Moving Defendants implicate him, the court considers the sufficiency of the claims against Mr. Martin too.

2

12(b)(6). (Doc. No. 2.) On October 26, 2022, Officer Jones also filed a motion to dismiss pursuant to Rule 12(b)(6). (Doc. No. 6.) After several extensions (Doc. Nos. 7, 11, 14), Plaintiffs filed their first amended complaint on November 28, 2022 (Doc. No. 17), which is the live complaint in this action.

Plaintiffs' claims arise from an incident on August 19, 2020. (Doc. No. 17, at ¶ 10.) Plaintiffs allege that on August 19, 2020, Officers Sweeny and Jones of the Tatum Police Department used excessive force in arresting the Bradfords. *Id.* at ¶¶ 69–70, 126. As to Moving Defendants, Plaintiffs allege that the Tatum City Council manages the Tatum Police Department, and the City has a widespread practice of permitting Officer Sweeny to disregard state law and department policies because his father is the special investigator for the Rusk County District Attorney. *Id.* at ¶¶ 16, 130. Plaintiffs further allege that Mr. Martin and the Anthony Brothers, who were not employed by the City of Tatum at the time of the alleged events, fabricated claims about Mr. Bradford. *Id.* at ¶¶ 25, 131. Plaintiffs assert that Defendants, acting in civil conspiracy, inflicted injuries on the Bradfords' daughters and Mrs. Bradford's mother. *Id.* at ¶ 132. Plaintiffs further allege that the City of Tatum and members of the Tatum City Council ratified the actions of Officers Sweeny and Jones and Chief Rains. *Id.* at ¶ 133. Plaintiffs maintain that Defendants failed to supervise Officers Sweeny and Jones and Chief Rains, and the City of Tatum and its council members were deliberately indifferent to the officers' actions and Plaintiffs' constitutional rights. *Id.* at ¶¶ 134–35. Plaintiffs bring claims against Defendants jointly and severally for violations of the First, Fourth, and Fourteenth Amendments. *Id.* at ¶¶ 127, 136–38.

In their motions to dismiss, Moving Defendants argue that Plaintiffs' first amended complaint fails to state a Section 1983 claim pursuant to Rule 12(b)(6) because the complaint is devoid of allegations that they individually violated Plaintiffs' constitutional rights. (Doc. Nos. 21,

at 3; 24, at 3.) Plaintiffs contend that their allegations are sufficient but request leave to file an amended complaint if the court finds otherwise and filed a second amended complaint. (Doc. Nos. 34; 35; 40, at 2–3, 11.) Moving Defendants oppose the court's grant of leave to file a second amended complaint, at least and until the court rules on their motions to dismiss. (Doc. No. 36, at 3.)

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Moving Defendants move to dismiss Plaintiffs' Section 1983 claims for failure to state a claim. (Doc. Nos. 21; 24.) To state a claim for relief under Section 1983, a plaintiff must plead "two—and only two—allegations . . . . First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

### A.  Mr. Martin and the Anthony Brothers

Concerning Mr. Martin and the Anthony Brothers, Plaintiffs allege that they conspired to fabricate claims against Mr. Bradford. (Doc. No. 17, ¶¶ 25; 131.) Moving Defendants argue that Plaintiffs fail to state a claim against the Anthony Brothers because Plaintiffs only have one allegation in the complaint that directly references them. (Doc. No. 24, at 3.) Plaintiffs contend that they pleaded plausible claims against the Anthony Brothers because a neighbor overheard their false statements and Officer Sweeny implied that the Anthony Brothers were his sources for the claims. (Doc. No. 40, at 2–3.)

Accepting Plaintiffs' allegation as true, this allegation alone is insufficient to state a claim for conspiracy under Section 1983 because Plaintiffs have not alleged that Mr. Martin or the Anthony Brothers are state actors nor alleged facts supporting that they conspired with state actors. For private citizens to be held liable under Section 1983, a plaintiff must allege that the citizens conspired with or acted in concert with state actors. *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir.

5

1989). The Fifth Circuit has held that a non-state actor may be liable under Section 1983 if the private citizen was a "willful participant in joint activity with the State or its agents." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). To state a Section 1983 conspiracy claim against non-state actors, the plaintiff must allege: (1) "an agreement between the private and public defendants to commit an illegal act" and (2) "an actual deprivation of constitutional rights." *Id.* (citation omitted).

To the extent that Plaintiffs seek to allege that Mr. Martin and the Anthony Brothers conspired with Officers Sweeny and Jones against Mr. Bradford to cause injuries, Plaintiffs allegations are still insufficient. Plaintiffs have not alleged that there was an agreement between Mr. Martin, the Anthony Brothers, and Officers Sweeny and Jones to commit an illegal act. Plaintiffs' allegations, construed in the light most favorable to Plaintiffs, show that Mr. Martin and the Anthony Brothers fabricated claims and Officers Sweeny and Jones later responded to the fabricated claims. (Doc. No. 17, at ¶¶ 25, 27–28.) Plaintiffs do not allege that Officers Sweeny and Jones knew the claims were fabricated but still responded to them. Plaintiffs therefore fail to state a claim against the Anthony Brothers. Although Mr. Martin has not filed a motion to dismiss or an answer to Plaintiffs' first amended complaint, Plaintiffs fail to state a claim against him for the same reasons Plaintiffs fail to state a claim against the Anthony Brothers. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) ("[W]here 'a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant."); *see also McCarty v. Zapata Cnty.*, 243 F. App'x 792, 794 (5th Cir. 2007) (unpublished).

### B. City of Tatum, Texas

Concerning the City of Tatum, Plaintiffs allege that Defendants acted in civil conspiracy to inflict injuries on the Bradfords' daughters and Mrs. Bradford's mother. (Doc. No. 17, at ¶ 132.)

As discussed above, Plaintiffs fail to allege any agreement between the Moving Defendants and Officers Sweeny and Jones that supports Plaintiffs' allegation that Defendants conspired to inflict injuries on Plaintiffs. *See Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979) ("In order to establish a cause of action based on conspiracy, plaintiff must show that the defendants agreed to commit an illegal act."). Moreover, Plaintiffs fail to plead any facts supporting that the City of Tatum was involved in the alleged conspiracy. Plaintiffs' conspiracy claim against the City of Tatum is therefore insufficient.

Plaintiffs also allege that the City of Tatum has a widespread practice, tantamount to an official policy, of allowing Sweeny to discretionarily disregard state law and department policies because his father is the special investigator for the Rusk County District Attorney. (Doc. No. 17, at ¶ 130.) Moving Defendants argue that Plaintiffs have not stated a claim for municipal liability under Section 1983 because Plaintiffs have not identified a policymaker, identified a policy, practice, or custom, nor pleaded that the policy, practice, or custom was the moving force behind a constitutional violation. (Doc. No. 21, at 7.) Plaintiffs contend that they state a claim against the City of Tatum because the Tatum City Council is the final policymaker for purposes of hiring the Chief of Police and overseeing daily operations of the Tatum Police Department. (Doc. No. 40, at 5.)

To state a claim for municipal liability under the policy theory: "[A] plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Hicks–Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) (citations omitted). An official policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Monell v.*

7

*Dep't. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)); *Peterson v. City of Fort Worth*, 588 F.3d 838, 850–51 (5th Cir. 2009). A plaintiff's allegations concerning the policy or custom and its relationship to the alleged constitutional violation cannot be conclusory, the plaintiff must allege specific facts. *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

Plaintiffs do not allege specific facts supporting a City policy that allows Officer Sweeny to disregard state law, other than the alleged events that took place on August 19, 2020. To plead a practice that is so persistent to have the force of law, "a plaintiff must do more than describe the incident that gave rise to his injury." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018). Plaintiffs also allege that Officer Sweeny later separated from the Tatum Police Department after crashing his police car off duty but was not disqualified from future police work. (Doc. No. 17, at ¶ 123.) This does not change the court's analysis, as Plaintiffs do not allege that the crash was anything more than an accident. *Id.*

Plaintiffs next allege that Defendants failed to supervise Officers Sweeny and Jones and Chief Rains because the City and its policymakers were deliberately indifferent to the officers' performance and Plaintiffs' constitutional rights. *Id.* at ¶¶ 134–35. Plaintiffs assert that Officers Sweeny and Jones used excessive force. *Id.* at ¶ 126. Moving Defendants argue that Plaintiffs fail to state a claim against the City of Tatum because Plaintiff's allegations are conclusory. (Doc. No. 21, at 8–10.) Plaintiffs contend that Chief Rains was the final policymaker for the City, and she was responsible for supervising Officers Sweeny and Jones. (Doc. No. 40, at 5.)

To state a claim for municipal liability under the failure to supervise theory, a plaintiff must allege: (1) the supervisor failed to supervise the subordinate official; (2) a causal link exists between the failure to supervise and the violation of the plaintiff's constitutional rights; and (3) the failure to supervise amounts to deliberate indifference. *Smith v. Brenoettsy*, 158 F.3d 908, 911–

8

12 (5th Cir. 1998). Because the standard for municipal fault is "stringent," "[a] pattern of similar constitutional violations by . . . employees is ordinarily" required to show deliberate indifference. *Connick*, 563 U.S. at 62. "Where prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.'" *Peterson*, 588 F.3d at 850–51 (quoting *Webster v. City of Hous.*, 735 F.2d 838, 842 (5th Cir. 1984)). The plaintiff must show "a pattern of abuses that transcends the error made in a single case." *Piotrowski v. City of Hous.*, 237 F.3d 567, 582 (5th Cir. 2001). A pattern requires similarity and specificity; "[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Est. of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005).

Although a plaintiff may establish deliberate indifference through a single incident, it is an excedingly narrow exception to the general rule. *Burge v. St. Tammany Par.*, 336 F.3d 363, 373 (5th Cir. 2003). The single incident exception applies only where "the facts giving rise to the violation are such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Id.*

Here, Plaintiffs fail to plead any facts supporting the City of Tatum's purported failure to supervise. Plaintiffs' allegation that Officers Sweeny and Jones used excessive force, alone, is insufficient for the court to draw a reasonable inference that the City of Tatum is liable for the alleged failure to supervise. Plaintiffs also fail to allege facts showing a causal link between the City of Tatum's alleged failure to supervise and the alleged excessive force of Officers Sweeny and Jones. Finally, Plaintiffs fail to plead facts showing that the City of Tatum acted with deliberate indifference.

To show a pattern of deliberate indifference, other than the allegations concerning the incident on August 19, 2020, Plaintiffs allege that prior to the August 19, 2020 incident, Mr. Martin was the Chief of Police for the Tatum Police Department and was terminated for excessive force. (Doc. No. 17, at ¶ 17.) Plaintiffs do not allege the actions that gave rise to Mr. Martin's termination for excessive force, and even if the court considers the links contained in Plaintiffs' first amended complaint, the articles suggest that Mr. Martin resigned after siding with another officer in a domestic dispute and forcing an intoxicated woman to leave her home. *Id.* at ¶ 17 nn.1 & 5. Such an event is drastically different than the alleged incident that transpired here, which began with a fabricated claim and resulted in the forceful arrest of the Bradfords. Moreover, Plaintiffs do not allege facts that the Tatum Police Department used excessive force in arrests so often to give rise to a pattern.

In response to Moving Defendants' motions, Plaintiffs contend that their allegations concerning the incident on August 19, 2020 are sufficient to show deliberate indifference under the single incident exception. (Doc. No. 40, at 8.) But Officers Sweeny and Jones's use of excessive force is not a "plainly obvious consequence" of the failure to supervise. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 399 (1997) (finding that there must be a link between the defendant's actions and the plaintiff's injury such that the constitutional violation would be a "plainly obvious consequence" of the defendant's policy). Plaintiffs do not allege anything in the officers' backgrounds or in the history of the Tatum Police Department that would suggest that the City of Tatum's alleged failure to supervise would result in excessive force by Officers Sweeny and Jones. *See Parker v. Blackwell*, 23 F.4th 517, 524 (5th Cir. 2022) (finding an alleged connection between the defendant's previous termination for abuse and the alleged abuse at issue in the case was sufficient to state a claim for deliberate indifference in rehiring). Plaintiffs

10

therefore fail to plead sufficient facts supporting that the City of Tatum acted with deliberate indifference to Plaintiffs' constitutional rights.

Finally, Plaintiffs allege that the City of Tatum ratified the unconstitutional actions of Officers Sweeny and Jones and Chief Rains. *Id.* at ¶ 133. Moving Defendants argue that Plaintiffs have failed to plead any facts supporting which individuals ratified the officers' conduct. (Doc. No. 21, at 9.) Plaintiffs assert that Chief Rains was the final policymaker for the City, and she ratified Officers Sweeny and Jones's violations of department policies. (Doc. No. 40, at 5–6.)

To state a claim for ratification by a municipal entity under Section 1983, a plaintiff must show that a policymaker knowingly approved a subordinate's actions and the improper basis for those actions. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 603 n.9 (5th Cir. 2001). As Moving Defendants contend, Plaintiffs do not allege any facts to support their allegation that the City of Tatum ratified the conduct of Officers Sweeny and Jones or Chief Rains. Plaintiffs do not allege any facts supporting that the City of Tatum knew the officers' actions were unconstitutional but ratified their conduct anyway, or how the City ratified the officers' conduct. Although Plaintiffs identify that Chief Rains ratified the officers' conduct on behalf of the City in their response to Moving Defendants' motions, Plaintiffs' first amended complaint is devoid of such allegations.

Plaintiffs' allegations concerning the City of Tatum are speculative, devoid of supporting facts, and conclusory. Plaintiffs therefore fail to state a claim against the City of Tatum.

**C. April Rains**

Concerning Chief Rains, Plaintiffs allege that April Rains was the Chief of Police of the Tatum Police Department at the time of the alleged incident. (Doc. No. 17, at ¶ 17 n.2–3.) Plaintiffs allege that the City of Tatum ratified the unconstitutional acts of Chief Rains, Defendants failed to

11

supervise Chief Rains, and the City of Tatum was deliberately indifferent to the performance of Chief Rains. *Id.* at ¶¶ 133–34. Plaintiffs maintain that their allegations are sufficient to state a claim against Chief Rains because she unconstitutionally and with deliberate indifference hired Officers Sweeny and Jones and failed to train and supervise them because she was out of state at the time of the alleged events. (Doc. No. 40, at 7–8.) Plaintiffs also contend that Chief Rains ratified the unconstitutional acts of Officers Sweeny and Jones by failing to investigate, discipline, or take remedial actions after the alleged events. *Id.* at 8. Plaintiffs, however, failed to include such allegations in their first amended complaint.

As pleaded, Plaintiffs fail to allege any facts supporting that Chief Rains herself was involved in any unconstitutional acts. Plaintiffs also allege that Chief Rains was involved in the conspiracy with other Moving Defendants but fail to allege facts supporting this conclusion. Plaintiffs' allegations are speculative and conclusory. Plaintiffs have therefore failed to state a claim against Chief Rains.

### D.  Leave to Amend

Plaintiffs request leave to file a second amended complaint, attaching the second amended complaint to the request. (Doc. Nos. 34; 35.) Defendants have indicated tentative opposition to Plaintiff's request for leave to amend, at least and until the motions to dismiss are ruled on. (Doc. No. 36, at 3.)

Under Rule 15(a)(2), leave to amend should be freely given "when justice so requires." Leave to amend, however, is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "[T]he decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In considering whether to grant a plaintiff's request for leave to amend a complaint, the court may consider factors such as "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

The court has already granted Plaintiffs' first request for leave to file an amended complaint when Plaintiffs filed a request in lieu of a response to Defendants' initial motions to dismiss (Doc. Nos. 17; 19.) Throughout this case, Plaintiffs have sought numerous extensions to file responses to Defendants' motions to dismiss (Doc. Nos. 7; 11; 14; 16; 25; 27; 29), and instead of filing responses, they filed requests for leave to file an amended complaint (Doc. Nos. 17; 34). Plaintiffs have also continued to seek extensions, even when the court indicated no further extensions would be granted. (Doc. Nos. 14; 15; 29; 30.)

Here, after several extensions of time to respond to Moving Defendants' motions to dismiss, Plaintiffs filed a second amended complaint that did not comply with the Local Rules. (Doc. No. 33-1.) The court ordered Plaintiffs to refile the documents pursuant to the Local Rules within one business day. Three business days later, Plaintiffs filed an entirely different second amended complaint. (Doc. No. 35.) And only after Defendants identified Plaintiffs' failure to timely respond to Moving Defendants' motions to dismiss within the extended time granted by the court (Doc. No. 36, at 2) did Plaintiffs file a response (Doc. No. 40). This action has been pending in federal court for nearly five months, and the court still has not set a scheduling order due to numerous delays by Plaintiffs. The court therefore finds that Plaintiffs have caused undue delay.

Moreover, Defendants' initial motions to dismiss put Plaintiffs on notice of how their pleadings were deficient and what they needed to establish. (Doc. Nos. 2; 6.) Yet, as discussed above, Plaintiffs failed to cure many of the deficiencies identified by Defendants in their first amended complaint. Although Plaintiffs' second amended complaint (Doc. No. 35) fixes many

(but not all) of the deficiencies identified in their first amended complaint, in the interest of justice and preventing a third round of motions and answers to the second amended complaint causing undue prejudice to Defendants and further delaying the case, the court recommends that Plaintiffs' request for leave to amend be denied.

## CONCLUSION

For the foregoing reasons, the court **RECOMMENDS** that Moving Defendants' motions to dismiss (Doc. Nos. 21; 24) be **GRANTED** for failure to state a claim pursuant to Rule 12(b)(6) and Plaintiffs' Section 1983 claims against Moving Defendants be **DISMISSED** with prejudice. The court also recommends that Plaintiffs' request for leave to file a second amended complaint (Doc. Nos. 34; 35) be **DENIED** for the reasons stated above. The court recommends that the claims against Defendants Parker Sweeny and Kenneth Jones under the First, Fourth, and Fourteenth Amendments proceed.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 8th day of March, 2023.**

14

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE