IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADAM CHASE BRADFORD, et al., § § § | |
| Plaintiffs, § § | |
| v. § § | Case No. 6:22-cv-406-JDK-JDL |
| CITY OF TATUM, TEXAS, et al., § § § | |
| Defendants. § § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs Adam and Paloma Bradford, Jane Doe, Alice Doe, and Rosa Summer bring this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the court are Defendants the City of Tatum, Texas ("City"), Darin and Dustin Anthony, and April Rains's motions to dismiss Plaintiffs' first amended complaint. Docket Nos. 21; 24. On March 8, 2023, Judge Love issued a Report and Recommendation recommending that the Court grant Defendants' motions to dismiss and deny Plaintiffs' request for leave to file a second amended complaint. Docket No. 43. Plaintiffs timely objected.[1] Docket No. 46.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28

---

[1] Although Plaintiffs filed objections on time, they significantly exceeded the page limit for objections under Local Rule 72(c). After the Court informed Plaintiffs that their objections were deficient, Plaintiffs refiled their objections on March 24, 2023—sixteen days after the Report and Recommendation was received. Docket No. 46.

1

U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiffs first object to Judge Love's denial of their request for leave to file a second amended complaint, specifically his finding that Plaintiffs caused undue delay. Docket No. 46 at 2–3. Citing *American Legend Homes v. Navigators Specialty Insurance Company*, 2019 WL 5721634, at *5 (E.D. Tex. Nov. 5, 2019), Plaintiffs assert that they did not cause undue delay because there is a presumption of timeliness in the Fifth Circuit for parties seeking leave to amend their pleadings before the court-ordered deadline, and the correct analysis is whether the party seeking leave caused undue delay, not whether the amendment would cause delay. *Id.* at 5.

Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should deny leave, however, when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182.

Here, Plaintiffs filed this action in the 4th Judicial District Court of Rusk County, Texas on August 19, 2022. Docket No. 1-2. Plaintiffs' original complaint contained no facts, only causes of actions and an attached deposition transcript. *Id.*

Defendants removed the action to this Court on October 19, 2022 (Docket No. 1) and immediately moved to dismiss (Docket Nos. 2; 6). Following Defendants' first motion to dismiss (Docket No. 2), Plaintiffs requested three extensions of time to respond, ultimately requesting an extension of more than a month after the initial November 2 deadline. Docket Nos. 7, 11, 14. The Court granted two extensions, allowing Plaintiffs more than thirty days to respond to Defendants' motion, but denied a third extension after the Court had previously indicated that no further extensions would be granted. Docket Nos. 10, 12 15.

Instead of responding to Defendants' pending motions to dismiss, Plaintiffs then requested leave to file an amended complaint. Docket Nos. 16. The Court granted leave (Docket No. 19), and Plaintiffs filed their first amended complaint.

Thereafter, Defendants filed the instant motions to dismiss Plaintiffs' first amended complaint.[2] Docket Nos. 21; 24. Again, the Court granted Plaintiffs two extensions of time to answer, but denied a third request. Docket Nos. 25, 26, 27, 28, 29, 30. Plaintiffs thereafter filed a meager response to Moving Defendants' motions to dismiss their first amended complaint and attached a second amended complaint as an exhibit. Docket Nos. 33; 33-1. The Court determined that

---

[2] Defendants Parker Sweeny and Kenneth Jones, not parties to either motion to dismiss, timely answered Plaintiffs' first amended complaint. Docket Nos. 22; 23.

3

Plaintiffs' filing was deficient because the second amended complaint was attached to Plaintiffs' response, and ordered Plaintiffs to refile within one business day.

Three business days later, Plaintiffs moved for leave to file a second amended complaint and filed their proposed second amended complaint, which differed substantially from the second amended complaint filed three days prior. Docket Nos. 34; 35. After Defendants pointed out Plaintiffs' failure to properly respond to the pending motions to dismiss (Docket No. 36 at 2), Plaintiffs filed their response on February 28, thirty-nine days after the original deadline Docket No. 40. Further, the new response differed substantially from the initial response filed on February 21. *Compare* Docket No. 33 *with* Docket No. 40.

Based on this extenuating procedural history, the Judge Love recommended that the Court deny Plaintiffs' request for leave to file a second amended complaint because Plaintiffs had already been granted leave to amend and had caused undue delay by repeatedly seeking extensions of time (even after the Court indicated no further extensions would be granted) and by failing to timely file and correct deficient filings. Docket No. 43 at 13. Judge Love also found that amendment would cause further delay and undue prejudice to Defendants who would be faced with a third round of 12(b)(6) motions. *Id.* at 13–14.

Thus, Plaintiffs' objection that the correct analysis is not whether amendment would cause delay but whether Plaintiffs caused delay misconstrues Judge Love's findings. Additionally, contrary to Plaintiffs' assertion, Judge Love did not find that Plaintiffs' request for leave to file a second amended complaint was untimely; rather,

4

as discussed, he found that allowing a further amendment would not be appropriate based on the history of the case.

Plaintiffs' argument that Judge Love erroneously found Plaintiffs' timely response to Defendants' motions to dismiss to be untimely (Docket No. 46 at 2) is similarly unavailing. Judge Love explained that Plaintiffs took several business days to correct their deficient filing and thta the refiled documents differed substantially from the initial filings. Docket No. 43 at 13. Thus, Plaintiffs' response was not timely.

At this point, this case has been pending for seven months. It has been five months since the case was removed to federal court, and the case has not progressed past the initial pleading phase due to an interminable stream of extension requests from Plaintiffs. In the interest of justice, the Court cannot entertain a never-ending round of amendments and motion practice in a case that has already been pending for seven months. It is Plaintiffs' burden to file a sufficient complaint that pleads enough facts to state a claim that is plausible on its face. Plaintiffs have had many months, multiple opportunities, and abundant notice to plead sufficient claims and allegations—and have not done so.

The Court therefore finds that Judge Love acted within his discretion in denying Plaintiffs' request for leave to file a second amended complaint. Accordingly, this objection fails.

Plaintiffs next object to Judge Love's finding that Plaintiffs failed to state a claim for civil conspiracy because Judge Love failed to consider material facts and make reasonable inferences in Plaintiffs' favor. Docket No. 46 at 5.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may only consider allegations in the complaint and any attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Thus, the Court cannot consider any allegations in Plaintiffs' proposed second amended complaint in assessing whether Plaintiffs stated a claim, nor will it consider any facts contained in the objection or response to Defendants' motions to dismiss that were not alleged in Plaintiffs' first amended complaint.

Plaintiffs' civil conspiracy claims allege a conspiracy between Defendants Officers Sweeny and Jones—state actors—and Defendants Martin, Darin Anthony, and Dustin Anthony—non-state actors—to fabricate claims that formed the basis of the arrests of Plaintiffs Adam and Paloma Bradford. But Plaintiffs do not allege any facts in their first amended complaint supporting their conspiracy claim. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (affirming dismissal of conspiracy claim for failure to allege specific facts showing agreement between state and non-state actors); *see also Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (finding that the plaintiff needed more than a "blanket accusation" to state a claim for conspiracy). Indeed, Plaintiffs do not even allege that any agreement existed between the alleged conspirators. Thus, Judge Love did not err in dismissing Plaintiffs' civil conspiracy claim, and this objection is without merit.

Plaintiffs also object to Judge Love's *sua sponte* dismissal of the conspiracy claim against Martin because he filed an answer to the original complaint before the case was removed to federal court. Docket No. 46 at 3. Citing *Curley v. Perry*, 246

F.3d 1278, 1282 (10th Cir. 2001), Plaintiffs contend that dismissal without notice to the plaintiff is permissible only where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and the court finds that amendment would be futile. Docket No. 46 at 3. But this standard applies only where a plaintiff proceeds *in forma pauperis*, not where the court is considering claims against a defaulting defendant.

Here, while Martin answered Plaintiffs' original complaint in state court, he has not responded to Plaintiffs' first amended complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (explaining that an amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint adopts or incorporates by reference the earlier pleading); *see also Balboa Cap. Corp. v. Okoji Home Visits MHT LLC*, 2019 WL 12359350, at *1 (N.D. Tex. June 13, 2019) (noting clerk's entry of default was proper where defendants failed to timely defend against first amended complaint, despite answering original complaint); *see, e.g., Am. Advisors Grp. v. Robinson*, 2019 WL 8331433, at *4 (E.D. Tex. Dec. 30, 2019) (finding clerk's entry of default for original complaint nullified as to plaintiff's first amended complaint that did not adopt or incorporate original complaint). Because the Court finds that Judge Love did not err in finding that Plaintiffs failed to state a claim for conspiracy as discussed above, the Court likewise finds that Judge Love did not err in dismissing the conspiracy claim against Martin *sua sponte* for the same reasons. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) ("[W]here 'a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant."). This objection therefore fails.

Plaintiffs next object to Judge Love's dismissal of their claims against the City of Tatum under *Monell v Department of Social Services of City of New York*, 436 U.S. 658 (1978), because there is evidence that the City requires its officers to meet a monthly citation quota. Docket No. 46 at 6. But Plaintiffs did not include any allegations concerning a monthly citation quota in their first amended complaint. Thus, Judge Love did not err by failing to consider such quota in dismissing Plaintiffs' *Monell* claims against the City. This objection is without merit.

Plaintiffs further object to Judge Love's dismissal of their claims against Chief Rains because she had final policymaking authority over the operations of the Tatum Police Department, including hiring, training, and supervision. Docket No. 46 at 6. Concerning Chief Rains, Plaintiffs allege only that the City ratified her unconstitutional acts and failed to supervise her. Docket No. 17 at ¶¶ 133–34. As Judge Love correctly found, there are no allegations concerning Chief Rains that give rise to any liability. Docket No. 43 at 11–12. Accordingly, this objection fails.

Finally, Plaintiffs object that Judge Love erred in failing to consider that Officers Sweeny and Jones were not disciplined by the City or Chief Rains for their alleged use of excessive force in arresting the Bradfords. Docket No. 43 at 6. But again, Plaintiffs fail to allege that the officers were not disciplined in the first amended complaint. Thus, Judge Love did not err in failing to consider it, and this objection fails.

Having conducted a de novo review of the record in this case and Judge Love's Report, the Court has determined that the Report of the Magistrate Judge is correct,

and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 43) as the opinion of the District Court. The Court **GRANTS** Defendants' motions to dismiss (Docket Nos. 21; 24). Plaintiffs' claims against Defendants City of Tatum, Texas, Darin Anthony, Dustin Anthony, Ronnie Martin, and April Rains are **DISMISSED** with prejudice for failure to state a claim. Plaintiffs' request for leave to amend (Docket No. 34) is **DENIED**. The Clerk of the Court is directed to terminate Defendants City of Tatum, Texas, Darin Anthony, Dustin Anthony, Ronnie Martin, and April Rains as parties to this case. Plaintiffs' claims against Defendants Parker Sweeny and Kenneth Jones remain pending.

So **ORDERED** and **SIGNED** this **4th** day of **April, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

9